IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **RAYMOND SIMS-LEWIS,** | * | |
| Plaintiff | * | |
| v. | * | Civ. No. DLB-22-1033 |
| **WARDEN FREDERICK ABELLO**, *et al.*, | * | |
| Defendants | * | |

**MEMORANDUM**

In this civil rights action brought under 42 U.S.C. § 1983, self-represented plaintiff Raymond Sims-Lewis alleges the defendants Warden Frederick Abello, Officer Mathew, Nurse Evans, and former governor Larry Hogan violated his constitutional rights by failing to treat his chest pains and difficulty breathing as a medical emergency when he was a pretrial detainee. ECF 1. Pending is the defendants' motion to dismiss. ECF 12. Although the Court notified Sims-Lewis that a failure to oppose the defendants' motion could result in the dismissal of his complaint, he did not file an opposition. *See* ECF 13. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, the motion is granted.[1]

**I.    Background**

At the time Sims-Lewis filed his complaint, he was a pretrial detainee confined to the Baltimore Central Booking and Intake Center ("BCBIC"). Since then, he has been released from custody. ECF 18 (change of address).

Sims-Lewis claims that on October 27, 2021, he had chest pains and shortness of breath while confined to his cell. ECF 1, at 3. He asked Officer Alede to contact medical staff so he

---

[1] The claims against former Governor Hogan were dismissed on September 6, 2022. ECF 6.

could see a doctor about his symptoms. *Id*. Alede returned to Sims-Lewis's cell and informed him that the officer on the medical post named "Mathew"[2] said an escort was on the way. *Id*. After an hour elapsed with no sign of an escort, Sims-Lewis asked Alede where the escort was and Alede called the medical unit to check. *Id*.

According to Sims-Lewis, there is a policy for Department of Public Safety and Correctional Services ("DPSCS") facilities to treat complaints of chest pain as a medical emergency. ECF 1, at 3. He states that the officers stationed in the medical unit ignored this policy when they were informed of his symptoms. *Id*.

Sims-Lewis states that he suffers from anxiety, which made it more difficult for him to breathe as time passed and his escort to the medical unit did not come. *Id.* at 4. He claims that during lunch he tried to ask Alede why he had not been taken to the medical unit yet, but before he could speak, he had an anxiety attack and "w[oke] up on the floor with no feelings in [his] legs." *Id*. At that time, Sims-Lewis was transported to the medical unit by "a group of nursing staff." *Id*.

Sims-Lewis claims that one of the nurse escorts, "Nurse Evans,"[3] defamed him by saying he was not injured, which made Sims-Lewis "very emotional." *Id.* Sims-Lewis believes that Evans was discriminating against him "to impress co-workers." *Id*. He states that, while he was "escorted in [a] wheelchair," Evans "was so upset that he refused to help out the team and walk[ed] away very hostile." *Id*. Although not altogether clear, Sims-Lewis appears to take issue with Evans's refusal to take his vital signs with a monitor that Evans had with him. *Id*. at 5. He asserts that this refusal amounts to a failure to follow policy regarding chest pains. *Id*. In addition, he

---

[2] The officer's actual name is Michael Matthews. *See* ECF 12. The Clerk shall update the docket.

[3] Service was attempted on Nurse Evans, but he could not be identified or located. Therefore, he was never served with the complaint. ECF 10. The complaint will be dismissed without prejudice as to this defendant.

faults Officer Matthews for neglecting to send an escort immediately upon learning of his complaint of chest pains. *Id*.

Sims-Lewis alleges that these events amount to a violation of his Sixth Amendment rights. He also claims defamation of character, negligent hiring and supervision, and intentional infliction of emotional distress. *Id*. at 6–7. He seeks fifty million dollars in damages. *Id*. at 8.

Defendants Warden Abello and Officer Matthews move to dismiss the complaint for failure to state a claim against them. ECF 12.

## II.     Standard of Review

Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). To survive the challenge, the opposing party must have pleaded facts demonstrating he has a plausible right to relief from the Court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that the defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678)). But the claim does not need to be probable, and the pleader need not show "that alternative explanations are less likely" than their theory. *Jesus Christ is the Answer Ministries, Inc. v. Balt. Cnty., Md.*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).

When ruling on a Rule 12(b)(6) motion, the Court must accept the allegations as true and draw all reasonable inferences in favor of the plaintiff. *Williams v. Kincaid*, 45 F.4th 759, 765, 777 (4th Cir. 2022). But the Court does not accept "legal conclusions couched as facts or

unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)). Merely reciting a claim's elements "and supporting them by conclusory statements does not meet the required standard." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista, Va.*, 917 F.3d 206, 212 (4th Cir. 2019)). On a Rule 12(b)(6) motion, the Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, at 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570)).

### III.     Discussion

#### A.     Deliberate Indifference to Serious Medical Needs

Under the Eight Amendment, the government must "provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  Any "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Id.* at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).  The protections afforded convicted, prisoned individuals under the Eighth Amendment extend to pretrial detainees like Sims-Lewis through the Due Process Clause of the Fourteenth Amendment.  *Young v. City of Mt. Ranier*, 238 F.3d 567, 575 (4th Cir. 2001) (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243–44 (1983)).  Accordingly, "deliberate indifference to the serious medical needs of a pretrial detainee violates the Due Process Clause."  *Id.*; *see also Cnty. Of Sacramento v. Lewis*, 523 U.S. 833, 845–46 (1998) (concluding that, because "deliberately indifferent conduct" is sufficient for liability under the Eighth Amendment, it "must also be enough to satisfy the fault requirement for due process claims based on the medical needs of someone jailed while awaiting trial").  To the extent that Sims-Lewis alleges that the defendants failed to appropriately address his serious medical needs, his claim is analyzed under the Fourteenth Amendment.

To state a claim for the alleged denial of medical care, Sims-Lewis must allege that the defendants' actions or their failure to act amounted to "deliberate indifference to serious medical needs."  *See Estelle*, 429 U.S. at 106; *see also Anderson v. Kingsley*, 877 F.3d 539, 543 (4th Cir. 2017).  Sims-Lewis has alleged that he had an objectively serious medical need.  But he does not adequately allege that Warden Abello and Officer Matthews demonstrated a deliberate indifference to his serious medical need.  He does not allege that either defendant was aware of his

5

symptoms, drew the inference that a failure to act would result in an unreasonable risk to his health, or deliberately interfered with medical treatment deemed necessary by medical staff. Rather, Sims-Lewis raises a conclusory claim that a violation of an alleged DPSCS policy establishes that his constitutional rights were violated. A violation of prison policy alone does not state a Fourteenth Amendment due process violation. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Kitchen v. Ickes*, 116 F. Supp. 3d 613, 629 & n.6 (D. Md. 2015) (citing *Myers*). Sims-Lewis does not state a claim for deliberate indifference to his serious medical needs.

### B. Failure to Train and Supervise

Sims-Lewis claims that Warden Abello is liable under § 1983 for failing to properly train and supervise Officer Matthews. The defendant's own action—or failure to act—is required for liability under § 1983. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). There is no *respondeat superior* liability under § 1983. *Love-Lane*, 355 F.3d at 782. Officials like Warden Abello may be found liable only if the plaintiff shows the official "acted personally in the deprivation of the plaintiff['s] rights." *Vinnedge*, 550 F.2d at 928 (quoting *Bennett v. Gravelle*, 323 F. Supp. 203, 214 (D. Md.), *aff'd*, 451 F.2d 1011 (4th Cir. 1971)).

To state a claim for supervisor liability under § 1983 based on a subordinate's conduct, the plaintiff must allege that (1) the supervisor had actual or constructive knowledge that subordinate's conduct "posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff" (2) the supervisor responded in a manner that was so inadequate that it showed "deliberate indifference to or tacit authorization" of the subordinate's conduct; and (3) there was "an affirmative causal link between the supervisor's inaction" and the plaintiff's constitutional

6

injury. *Timpson by & through Timpson v. Anderson Cnty. Disabilities & Special Needs Bd.*, 31 F.4th 238, 257 (4th Cir. 2022) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)).

Sims-Lewis's claim against Warden Abello is based on the conclusory allegation that Abello is responsible for the failure to provide Sims-Lewis with medical care because Abello did not properly supervise and/or train Officer Matthews. This non-specific allegation does not state a claim for direct or supervisor liability under Section 1983.

### C.  Sixth Amendment

Sims-Lewis alleges that his Sixth Amendment rights were violated by a delay in responding to his complaints of chest pain. ECF 1. The Sixth Amendment affords certain rights to individuals charged with crimes. Specifically, it provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by the law, and to be informed of the nature and cause of the accusation; to be confronted with witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

U.S. Const., amend. VI. The Sixth Amendment does not afford a right to medical care to pre-trial detainees. Sims-Lewis does not state a cognizable Sixth Amendment claim.

### D.  State law claims

To the extent that Sims-Lewis raises state law claims of defamation, intentional infliction of emotional distress, and negligence, this Court declines to exercise supplemental jurisdiction over the claims and dismisses them without prejudice. *See* 28 U.S.C. § 1367(c). When, as here, the federal claim is dismissed early in the case, the federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction. *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726–27 (1966)).

## IV. Conclusion

For the reasons stated, the motion to dismiss is granted. The claims are dismissed without prejudice. A separate order follows.

April 25, 2023
Date

Deborah L. Boardman
United States District Judge